IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FANNIE MAE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 5:19-cv-00403 |
| TERRAVISTA-HIDDEN VILLAGE CORPORATION, PHILIP W. STEWART and WILLIAM J. GREGORY, | § § § § § | |
| Defendants | § § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

**Fannie Mae** files this Original Complaint complaining of **Terravista-Hidden Village Corporation** ("Terravista"), **Philip W. Stewart** ("Stewart") and **William J. Gregory** ("Gregory", and together with Terravista and Stewart being collectively called the "Defendants"), and would show the Court the following:

1. <u>Summary of Action</u>. This is an action to recover the balance owing on a promissory note signed by Terravista and a written guaranty signed by Stewart and Gregory. The underlying borrower, Terravista Partners-Hidden Village, Ltd., filed a Chapter 11 bankruptcy case.

2. <u>Jurisdiction</u>. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy in this action exceeds $75,000, exclusive of interest, costs, and attorneys' fees. Defendants are all citizens of the state of Texas. On the other hand, Fannie Mae is a corporation organized under the laws of the

United States.  Fannie Mae is, and at the time this action was commenced was, a citizen of Washington, D.C., because it is a Washington, D.C. corporation with its principal place of business in the District of Columbia.  Fannie Mae is deemed to be a District of Columbia citizen for purposes of diversity under 28 U.S.C. §1332(a).  See 12 U.S.C. §1717 (a)(2)(B).   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

3. Terravista may be served through its registered agent, William J. Gregory, at 3306 Roselawn Road, San Antonio, Texas 78226.  Stewart and Gregory may be served with process at their principal place of business, 3306 Roselawn Road, San Antonio, Texas 78226.

4. History of Loan.  On April 26, 2013, Dougherty Mortgage LLC made a $5,911,000 loan to Terravista Partners-Hidden Village, Ltd. ("Borrower"), evidenced by a promissory note in the original principal amount of $5,911,000 (the "Note"), a Loan Agreement, and related loan documents.  Copies of the Note and Loan Agreement are attached hereto as Exhibits "A" and "B."

5. Terravista is, and at all material times has been, the general partner of the Borrower.  As general partner, Terravista is liable for all debts of the Borrower.  TEX. BUS. ORG. CODE §153.152.

6. As additional security for this loan, Stewart and Gregory each signed a Guaranty (the "Guaranty"), a copy of which is attached hereto as Exhibit "C."  As set forth in the Guaranty, Stewart and Gregory personally guaranteed the payment of all

amounts and obligations owed under "*Article 3–Personal Liability*" of the Loan Agreement.

7.  Immediately following the funding of this loan, Dougherty Mortgage LLC assigned and endorsed the Note to Fannie Mae, who is the current owner and holder of the Note.

8.  During 2018, the Borrower defaulted under the terms of the applicable Loan Agreement.  As a result of these defaults, Fannie Mae accelerated the maturity of the Note on July 13, 2018.  The Borrower and Fannie Mae signed a Forbearance Agreement dated August 17, 2018, in which Borrower and Fannie Mae expressly acknowledged that the maturity of the Note had been accelerated.

9.  Pursuant to "*Article 3–Personal Liability*" of the Loan Agreement, Borrower would become personally liable for all indebtedness owing under the Note and Loan Agreement, conditioned upon the occurrence of one of the specific events defined in Section 3.02(b)(3):

> "**3.02 (b)   Full Personal Liability for Mortgage Loan**
>
> Borrower shall be personally liable to Lender for the repayment of all of the Indebtedness, and the Mortgage Loan shall be fully recourse to Borrower, upon the occurrence of any of the following:
> …
> (3)   the occurrence of any Bankruptcy Event [1] … ."

10.  The condition set forth in Section 3.02(b)(3) of the Loan Agreement was satisfied when Borrower filed Chapter 11 bankruptcy on December 4, 2018.  The

---

[1]   The term "Bankruptcy Event" is defined in Schedule 1 of the Loan Agreement, and it expressly includes the filing of a bankruptcy petition by Borrower.

3

Borrower's bankruptcy case is currently pending in the Western District of Texas, San Antonio Division, under Case No. 18-52901.[2] Therefore, all of the Defendants are now jointly and severally liable for the balance owing on the Note.

11. As of December 4, 2018 (the date that Borrower filed its bankruptcy petition), Defendants were jointly and severally obligated to Fannie Mae for the net amount of $5,424,202.78, calculated as follows:

| | |
|---|---|
| Unpaid Principal | $5,359,464.58 |
| Accrued Interest | $113,954.13 |
| Default Interest | $85,751.44 |
| Prepayment Premium/Yield Maintenance | $306,284.78 |
| Escrow funds swept to Fannie Mae prior to Petition Date | ($545,396.01) |
| Mortgage Payoff Processing & Recording Fees | $350.00 |
| Legal Fees & Costs | $90,093.86 |
| Appraisal | $4,500.00 |
| Phase I Environmental Site Assessment | $2,400.00 |
| Physical Needs Assessment | $6,800.00 |
| **Total** | **$5,424,202.78** |

This net unpaid balance is changing over time, increasing as additional interest accrues and additional costs are incurred, and decreasing as partial payments are made.

---

[2] The automatic bankruptcy stay is in effect with respect to Borrower, and this Complaint is not seeking to assert any rights or remedies with respect to the Borrower.

12. All conditions precedent to the filing of this lawsuit have been performed, excused or waived, and to the extent required by law, all proper notices and demands have been made upon Defendants.

13. The maturity of the Note has been accelerated, and it remains unpaid, causing damages to Fannie Mae in excess of the minimum jurisdictional limits of this Court. Interest continues to accrue on the unpaid principal at the rate of 8.16% per annum.

14. <u>Cause of Action:  Statutory Liability and Breach of Contract.</u>  Paragraphs 1-13 are incorporated by reference as if fully set forth herein.

15. Borrower contracted to pay all amounts owed on the Note. Borrower failed to pay the balance owed on the Note in full after its maturity had been accelerated, constituting a breach of contract. Because Borrower is contractually obligated to pay the Note, Terravista is statutorily liable for the Note, as the general partner of the Borrower, in accordance with TEX. BUS. ORG. CODE §153.152.

16. Pursuant to the Guaranty, Stewart and Gregory personally guaranteed the payment of all amounts and obligations owed under "*Article 3–Personal Liability*" of the Loan Agreement. Stewart and Gregory failed to pay the balance owed on the Note and Guaranty after the condition set forth in Section 3.02(b)(3) of the Loan Agreement had occurred – that is, the bankruptcy filing by Borrower – which constitutes a breach of contract by Guarantors.

17. <u>Cause of Action:  Attorney's Fees.</u>  Paragraphs 1-16 are incorporated by reference as if fully set forth herein.

18.     As a result of the Defendants' failure to pay the Note and Guaranty, Fannie Mae was compelled to retain the undersigned attorneys to file this action to recover the amounts owed.  Fannie Mae is entitled to an award of reasonable attorneys' fees in the amount of at least $8,500 pursuant to the terms of the Note, the Loan Agreement, the Guaranty, and TEX. CIV. PRAC. & REM. CODE §38.001.

19.     Request for Relief.  Fannie Mae requests that Defendants be cited to appear and answer, and that upon final hearing, Fannie Mae have judgment against the Defendants, jointly and severally, for the following:

- the unpaid balance of $5,424,202.78, less the partial payments made by Borrower, plus additional interest that accrues on the unpaid principal after December 4, 2018 at the rate of 8.16% per annum until paid;
- attorneys' fees of at least $8,500;
- costs of court; and
- such additional and further relief, general or special, at law or in equity, to which Fannie Mae may show itself justly entitled.

Respectfully submitted,

*/s/ Thomas C. Scannell*
Thomas C. Scannell (Tex. Bar No. 24070559)
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Phone: (214) 999-4289
Fax: (214) 999-3289
Email:  tscannell@foley.com

*ATTORNEYS FOR PLAINTIFF,*
*FANNIE MAE*

OF COUNSEL:

**FOLEY GARDERE**
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Phone: (214) 999-4289
Fax: (214) 999-3289

4830-1514-1515.2